IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DORENNA BROWN** | § | |
| | § | **CIVIL ACTION NO.** |
| VS. | § | _____ |
| | § | |
| **WALMART STORES, INC., WAL-MART** | § | |
| **STORES TEXAS, LLC, WAL-MART** | § | |
| **STORES EAST, LP and WAL-MART** | § | |
| **STORES EAST INC.** | § | |

## NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Defendants Walmart Stores, Inc., Wal-Mart Stores Texas, LLC, Wal-Mart Stores East, LP and Wal-Mart Stores East Inc. (collectively "Walmart") file this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1332.

### I.   INTRODUCTION

1. Pursuant to 28 U.S.C. § 1441, *et seq.*, this civil action is removed from the 116th District Court of Dallas County, Texas, where this matter was pending under Cause No. DC-22-02900 in a matter styled *Dorenna Brown vs. Walmart Stores, Inc., Wal-Mart Stores Texas, LLC, Wal-Mart Stores East, LP and Wal-Mart Stores East Inc.* (the "State Court Action").

### II.   NATURE OF THE SUIT

2. This is a premises liability lawsuit alleging claims of personal injury resulting from Defendants' alleged actions or inactions. *Plaintiff's Original Petition p. 3.*

3. Plaintiff Dorenna Brown alleges she was injured when her right foot got caught on a piece of metal that was sticking up out of the concrete and she fell into a metal temporary fence that was in front of the entrance of Defendants' store. *Plaintiff's Original Petition p. 3.*

4. Plaintiff brought her lawsuit against Walmart in the 116th District Court of Dallas County, Texas. *See Plaintiff's Original Petition p. 1.*

### III.   TIMELINESS OF REMOVAL

5. Plaintiff commenced this lawsuit by filing her Original Petition on March 15, 2022. Defendants Walmart Stores, Inc., Wal-Mart Stores Texas, LLC, Wal-Mart Stores East, LP and Wal-Mart Stores East Inc. each accepted service on March 31, 2022 through their agent, CT Corporation. This removal is timely because it is filed less than 30 days after Walmart was served. 28 U.S.C. § 1446.

### IV.   BASIS FOR REMOVAL JURISDICTION

6. Removal is proper under 28 U.S.C. §§ 1441 and 1332 because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Plaintiff admits she is a citizen of Texas. *Plaintiff's Original Petition p. 1*.

8. Plaintiff sued and served Wal-Mart Stores, Inc. Wal-Mart Stores, Inc. changed its name to Walmart Inc. Walmart Inc. (formerly known as Wal-Mart Stores, Inc.) is a Delaware Corporation with its principal place of business in Arkansas. Accordingly, for diversity purposes, Wal-Mart Stores, Inc. is a citizen of Delaware and Arkansas.

9. Plaintiff sued and served Wal-Mart Stores Texas, LLC. Defendant Wal-Mart Stores Texas, LLC is now and was at the time of the filing of this action a Delaware Limited Liability Company with its principal place of business in Arkansas. The citizenship of an LLC is the same as the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008). Wal-Mart Real Estate Business Trust is the sole member of Wal-Mart Stores Texas LLC. Wal-Mart Real Estate Business Trust is a statutory business trust organized under the laws of Delaware with its principal place of business in Arkansas. The citizenship of a statutory trust is

the citizenship of its members, which includes its shareholders. *Americold Realty Tr. V. Conagra Foods, Inc.,* 136 S. Ct. 1012, 106 (2016); *Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24,* 866 F.3d 351, 358 (5th Cir. 2017); *U.S. Bank Tr., N.A. v. Dupre,* 615CV0558LEKTWD, 2016 WL 5107123, at *4 (N.D.N.Y. Sept. 20, 2016) (finding that a Delaware statutory trust "seems precisely like the type [of trust] considered by the Supreme Court in *Americold*"). The sole unit/shareholder of Wal-Mart Real Estate Business Trust is Wal-Mart Property Co. Wal-Mart Property Co. is a Delaware corporation with its principal place of business in Arkansas. Accordingly, for diversity purposes, Wal-Mart Stores Texas, LLC is a citizen of Delaware and Arkansas.

10.     Plaintiff sued and served Wal-Mart Stores East, LP. Wal-Mart Stores East, LP is a Delaware Limited Partnership with its principal place of business in Arkansas. The citizenship of a limited partnership, for diversity jurisdiction purposes, is based on the citizenship of each of its partners. *Harvey,* 542 F.3d at 1079. WSE Management, LLC is the sole general partner, and WSE Investment, LLC is the sole limited partner of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC are both Delaware Limited Liability Companies with their principal place of business in Arkansas. The sole member of both WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC. Wal-Mart Stores East, LLC is a limited liability company organized under the laws of the State of Arkansas with its principal place of business in Arkansas. Walmart Inc. is the sole member of Wal-Mart Stores East, LLC. Walmart Inc. is a Delaware Corporation with its principal place of business in Arkansas. Accordingly, for diversity purposes, Wal-Mart Stores East, LP is a citizen of Delaware and Arkansas.

11.     Plaintiff sued and served Wal-Mart Stores East, Inc. Wal-Mart Stores East, Inc. was converted to Wal-Mart Stores East, LLC on January 25, 2011. Wal-Mart Stores East, LLC is a

limited liability company organized under the laws of the State of Arkansas with its principal place of business in Arkansas. Wal-Mart Stores, Inc. is the sole owner of Wal-Mart Stores East, LLC. Wal-Mart Stores, Inc. is a Delaware Corporation with its principal place of business in Arkansas. The Fifth Circuit has also previously recognized Wal-Mart Stores Inc. is a citizen of Delaware with its principal place of business in Arkansas. *Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880 (5th Cir. 2000). For diversity purposes, Wal-Mart Stores East, Inc. is a citizen of Delaware and Arkansas.

12. There is and has been at all times relevant to this Notice of Removal, complete diversity of citizenship between Plaintiff and Defendants.

13. The amount in controversy exceeds the jurisdictional requirement of $75,000, exclusive of interest and costs. Plaintiff alleges she sustained critical injuries a fractured left scapula, left shoulder pain, upper back pain, aching pain and soreness in the left arm, soreness in her bilateral knee, with more aggravated pain in the right knee, along with occasional numbness in the toes. *See Plaintiff's Original Petition p. 3.* Plaintiff seeks damages for alleged medical care and expenses past and future, pain and suffering past and future, mental anguish past and future, loss of household services past and future, disfigurement past and future, lost wages and loss of earning capacity. *Plaintiff's Original Petition pp. 6-7.* Plaintiff pleads relief in excess of $250,000. *Id. at p. 7.* The sum claimed by Plaintiff should control the evaluation of the amount in controversy. Facially, the pleadings, injuries and damages exceed $75,000, exclusive of interest and costs.

14. In an effort to confirm the amount in controversy, Walmart sent correspondence to Plaintiff's counsel on April 22, 2022 requesting Plaintiff stipulate she is seeking damages less than $75,000 in damages, exclusive of interest and costs. Plaintiff's counsel failed to respond. Thus, there is a presumption that the amount in controversy in this case exceeds $75,000 exclusive of

interest and costs. *Heitman v. State Farm Mut. Auto. Ins. Co.,* No. 5:02-CV-0433-D, 2002 U.S. Dist. LEXIS 6192 (N.D. Tex. April. 9, 2002).

## V.   THIS NOTICE IS PROCEDURALLY CORRECT

15. This action may be removed to this Court pursuant to 28 U.S.C. § 1441(b), because Defendants are not citizens of Texas, the state in which the action was brought. This action is removable to this Court and venue is proper because this United States District Court and the Northern District of Texas embraces the place where the State Court Action was pending. 28 U.S.C. §§ 124(a)(1), 1441(a).

16. Walmart has attached to this Notice of Removal the documents required by 28 U.S.C. § 1446(a) and Local Rule 81.1 as follows:

    A:   Index of all documents filed in the State Court Action.

    B:   Docket Sheet in the State Court Action.

    C:   Copies of all process, pleadings and orders filed in State Court.

    D:   Signed Certificate of Interested Persons.

17. Walmart is filing with the Notice of Removal a completed Civil Cover Sheet, a Supplemental Civil Cover Sheet, and separate Certificate of Interested Persons.

18. Walmart retains the right to supplement the jurisdictional allegations by affidavit, declaration, or otherwise should Plaintiff challenge the allegations in a motion to remand or other filing.

19. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to all parties and to the Clerk of the 116th District Court of Dallas County, Texas.

20. Plaintiff has not demanded a jury trial in the State Court Action. Defendants have demanded a jury trial in the State Action.

21. Trial has not commenced in the 116th District Court..

## V. CONCLUSION

22. Since diversity jurisdiction exists over Plaintiff's claim as set forth in Plaintiff's Original Petition, Defendants desire and are entitled to remove the lawsuit filed in the 116th District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division.

**WHEREFORE, PREMISES CONSIDERED**, Defendants Walmart Stores, Inc., Wal-Mart Stores Texas, LLC, Wal-Mart Stores East, LP and Wal-Mart Stores East Inc., pursuant to and in conformance with the statutory requirements, remove this action from the 116th District Court of Dallas County, Texas, to this Court.

**Respectfully submitted**,

By: */s/ Stacy Hoffman Bruce*
**STACY HOFFMAN BRUCE**
Texas Bar No. 24036793
sbruce@cobbmartinez.com
**DANIEL A. ORTEGA**
Texas Bar No. 24067808
dortega@cobbmartinez.com

**COBB MARTINEZ WOODWARD PLLC**
1700 Pacific Avenue, Suite 3100
Dallas, TX  75201
(214) 220-5210
(214) 220-5299 Fax

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify a true and correct copy of this document has been forwarded to the following counsel of record either by e-service, telefax, electronic mail, and/or regular U.S. mail on this 29th day of April, 2022:

Shawn Hashemi
Chalaki Law, P.C.
North Dallas Law Center
3234 Commander Drive, Suite 100
Carrollton, TX 75006


*/s/ Stacy Hoffman Bruce*
**STACY HOFFMAN BRUCE**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DORENNA BROWN** § | |
| § | **CIVIL ACTION NO.** |
| **VS.** § | |
| § | _____ |
| **WALMART STORES, INC., WAL-MART** § | |
| **STORES TEXAS, LLC, WAL-MART** § | |
| **STORES EAST, LP and WAL-MART** § | |
| **STORES EAST INC.** § | |

## INDEX OF ATTACHED STATE COURT PLEADINGS AND FILING DATES

| | | |
|---|---|---|
| 1. | State court docket sheet | April 22, 2022 |
| 2. | Plaintiff's Original Petition | March 15, 2022 |
| 3. | Issue of citation for Wal-Mart Stores Texas, LLC | March 31, 2022 |
| 4. | Issue of citation for Wal-Mart Stores East, LP | March 31, 2022 |
| 5. | Issue of citation for Wal-Mart Stores East Inc. | March 31, 2022 |
| 6. | Executed citation for Wal-Mart Stores East Inc. | April 4, 2022 |
| 7. | Executed citation for Wal-Mart Stores East, LP | April 4, 2022 |
| 8. | Executed citation for Walmart Stores, Inc. | April 4, 2022 |
| 9. | Executed citation for Wal-Mart Stores Texas, LLC | April 4, 2022 |
| 10. | Defendant Wal-Mart Stores Texas, LLC's Original Answer | April 22, 2022 |
| 11. | Defendants Walmart Stores, Inc., Wal-Mart Stores East, LP and Wal-Mart Stores East Inc.'s Original Answer | April 22, 2022 |